UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>LUIS JOEL SIERRA<br>    Defendant. | Cr. No. 1:21-CR-00012-JJM-LDA |

**REQUEST FOR EXAMINATION TO DETERMINE
COMPETENCY TO STAND TRIAL**

I. INTRODUCTION

The defense has filed a motion requesting a hearing to determine the mental competency of the defendant to stand trial. The motion is supported by a report of a forensic examiner who conducted an evaluation of the defendant and offers an opinion that the defendant is not competent to stand trial.

Pursuant to 18 U.S.C. §§ 4241 and 4247(b), the government requests that the Court order the United States Bureau of Prisons ("BOP") to conduct a psychiatric or psychological examination to determine the defendant's competency and that a report concerning the examination be filed with the Court. The BOP protocol in place for determining competency at the Court's request is both fair and thorough. A full examination by BOP staff, while the defendant is briefly in BOP custody, is necessary for the Court to have confidence in the determination. An incomplete or abbreviated competency examination can have dire consequences for the defendant and the public, both of whom have substantial interests at stake.

## II. DISCUSSION

A criminal complaint filed on August 14, 2020 charged the defendant with the arson of a Providence Police Department cruiser. The Court detained the defendant at his initial appearance and turned away requests for release thereafter. The defendant's third attempt at release succeeded on December 8, 2020 and he has since been on home incarceration with GPS monitoring.

On February 5, 2021, the grand jury returned an indictment charging the defendant with arson of a Providence Police Department vehicle, in violation of 18 U.S.C. § 844(f)(2). If convicted the defendant faces a maximum term of imprisonment of forty years and a mandatory minimum term of seven years. On the day he was indicted, the defendant filed a motion requesting that the Court conduct a hearing pursuant to 18 U.S.C. § 4241(a) to determine his mental competency to stand trial. A report filed in support of the motion summarized an evaluation conducted by a defense-retained psychologist as a result of which the psychologist determined that the defendant is not competent to stand trial.

18 U.S.C. § 4241(b) provides that prior to the requested hearing, the Court "may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court," and a companion provision, 18 U.S.C. § 4247(b), sets forth the process for conducting the competency examination. Section 4247(b) permits the Court to commit the person to the care of the Attorney General at a suitable facility for a period of thirty days, a time period which can be extended by fifteen days to allow the evaluation to be completed. Upon

completion of the evaluation, a report must be submitted to the Court and the parties. *Id*. § 4247(c). The past practice of this Court in similar circumstances has been to engage the Bureau of Prisons and their team of medical experts to carry out the Court's directive.

There are important reasons for having a psychological or psychiatric evaluation conducted in the manner provided by statute. BOP psychologists and psychiatrists "conduct forensic evaluations directly for the Federal Court, not for the U.S. Attorney or for the Court." Federal Bureau of Prisons Program Statement, *Forensic and Other Mental Health Evaluations* 9 (Apr. 16 2008), (https://www.bop.gov/policy/progstat/5070_012.pdf) (last visited Apr. 6, 2021). As such, the obligation of the BOP forensic examiner is "to the justice system, specifically the court, and not to the United States Attorney's Office, the defense attorney, or even the individual being evaluated." Federal Bureau of Prisons, *Reference Guide for Forensic Evaluations (Version 2) 2* (February 2021) (attached as Exhibit 1). Elimination of a fee-based evaluation reduces the risk of adversarial allegiance or retained bias. Exhibit 1, at 2-3; Murrie, Daniel C., et al. "Are Forensic Experts Biased by the Side That Retained Them?" Psychological Science, vol. 24, no. 10, 2013, pp. 1889–1897, www.jstor.org/stable/24539382. (last visited Apr. 6, 2021).

A forensic evaluator at a BOP facility has access to a quantity of data unmatched in other settings. The evaluator's initial review includes: court contact; attorney contact; notification to the individual being evaluated and an initial mental health screening. Exhibit 1, at 4. The Reference Guide directs the forensic evaluator to make

contact with attorneys for both parties at the outset of the process and seek from them any records not already in possession of the evaluator, including police reports, mental health records and medical records. *Id.* at 5.[1]

After completing the initial review, the BOP forensic evaluator engages in an ongoing assessment. The term "ongoing" aptly describes this phase of the evaluation and separates the evaluation at a BOP facility apart from those conducted in the private mental health community. The ongoing assessment includes the following: serial interviews with the individual being evaluated; behavioral observations; review of collateral information; review of medical history and current issues; psychological testing (as needed) and legally-focused interviews (if directed in the Court's referral). *Id*. at 7. The interviews should address any responses to psychiatric medications. *Id*. at 8. Since prescribed medicine would be administered in a controlled setting at a BOP facility, the forensic evaluator can have greater confidence in the efficacy of the medicine and greater confidence in the defendant's reporting about the administration of it. *Id*.

Observing the defendant's behavior can play an important part in the evaluation. How the individual interacts with other inmates, staff at the facility, including correctional staff, recreation staff, other health care providers and pharmacy staff

---

[1] The forensic psychologist whom the defendant retained did not contact any member of the prosecution team during the evaluation process. On November 9, 2020, the government provided defense counsel with the defendant's medical records from the Wyatt Detention Facility for the period from August 14, 2020 to November 9, 2020. These records included mental health evaluations. At page 5 of his report dated January 4, 2021, the defense's forensic psychologist details the records reviewed and does not mention the Wyatt medical records. ECF No. 35-1, at 5.

provides valuable 24/7 data points for the forensic evaluator.  *Id*.  These observations also include review of log books, incident reports, and any other written documentation generated during the study period.  *Id*.  Review of recorded telephone conversations and non-privileged written correspondence offers perspective into the defendant's level of functioning and thought process.  *Id*.  Once compiled, these behavioral observations provide a mosaic of the day-to-day activities of the defendant and insight into the sincerity of the defendant's claims or conversely, evidence of malingering.

A forensic evaluation conducted pursuant to 18 U.S.C. §§ 4241(b) and 4247(b) provides the Court with unparalleled access and insight to the true mental state of the defendant.  An evaluation of the defendant outside of a confinement setting may be preferable to the defendant but handicaps the Court with a less than robust fount of information about the defendant to rely upon.  Related to this are questions of funding since BOP will not pay for an examination conducted in the community.  Federal Bureau of Prisons, *Legal Resource Guide to the Federal Bureau of Prisons* 48 (2019) (https://www.bop.gov/resources/pdfs/legal_guide_march_2019.pdf)(last visited Apr. 6, 2021).

When the Court weighs whether to confine the defendant for thirty days during the BOP forensic evaluation process, it should consider the impact of accepting the finding of defendant's retained psychologist – a decision that will likely result in an even longer period of detention.  If the Court accepts the defense expert's incompetency findings and thus concludes by a preponderance of the evidence that the defendant is incompetent to stand trial, the law requires the Court to commit the

defendant for a reasonable period (not to exceed four months) for a determination of whether the defendant can attain competency.[2] 18 U.S.C. § 4241(d)(1); *see, e.g. United States v. Dalasta*, 856 F.3d 549, 553 (8th Cir. 2017) (18 U.S.C. § 4241(d)(1) creates mandatory duty to commit a defendant who is found incompetent to the Attorney General even if there is undisputed medical evidence that defendant cannot be restored to competency); *United States v. Magassouba*, 544 F.3d 387, 404-405 (2d Cir. 2008) (once a defendant is found incompetent under 18 U.S.C. § 4241(b), commitment pursuant to 18 U.S.C. § 4241(d)(1) is mandatory); *United States v. Ferro*, 321 F.3d 756, 761 (8th Cir. 2003) (use of term "shall" in 18 U.S.C. § 4241(d)(1) requires commitment to the Attorney General upon a finding of incompetency); *United States v. Fillipi*, 211 F.3d 649, 651 (1st Cir. 2000) (district court has no discretion and must commit defendant for a period up to four months after finding him incompetent to stand trial).

Thus, while the Court's request for a plenary evaluation conducted at a BOP facility will necessitate a brief period of confinement while that evaluation is conducted, the Court must also consider that the defendant likely faces a *lengthier* period of detention were the Court to simply accept without challenge the findings proposed by the defendant's psychologist.

For these reasons, the government requests that the Court order a forensic

---

[2] If there is a determination that a defendant can attain competency, 18 U.S.C. § 4241(d)(2) requires him to be committed for an additional reasonable period of time beyond the assessment period, if the Court finds that this additional time will lead to the defendant attaining the capacity to permit the proceedings to go forward. Thus, a defendant could be committed for an indeterminate period of time beyond the four months allocated for assessing whether he can attain competency.

evaluation of the defendant's competency to stand trial be conducted at a BOP facility in accord with 18 U.S.C. §§ 4241(b) and 4247(b). Should the Court deny this Motion, the government requests that the Court inform the parties of its conclusion and provide the government an opportunity to determine whether it should retain a qualified forensic examiner for the prosecution.

                                          Respectfully submitted,

                                          RICHARD B. MYRUS
                                          Acting United States Attorney

                                          /s/ Paul F. Daly, Jr.

                                          PAUL F. DALY, JR.
                                          Assistant U.S. Attorney
                                          RI Bar No. 3970
                                          50 Kennedy Plaza, 8th Floor
                                          Providence, RI 02903
                                          Email: paul.daly@usdoj.gov
                                          Tel: 401-709-5000
                                          Fax: 401-709-5001

DATED: April 6, 2021

## CERTIFICATE OF SERVICE

    On the 6th day of April 2021, the United States of America caused the within "Request for Examination " to be filed by ECF and is thus available to both parties.

                                          /s/ Paul F. Daly, Jr.
                                          PAUL F. DALY, JR.
                                          Assistant U.S. Attorney
                                          RI Bar No. 3970
                                          50 Kennedy Plaza, 8th Floor

Providence, RI 02903  
Email: paul.daly@usdoj.gov  
Tel: 401-709-5000  
Fax: 401-709-5001