UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA   ) | |
| ) | |
| VS.                                              ) | CR 21-012 JJM LDA |
| ) | |
| LUIS JOEL SIERRA                      ) | |

_____

OBJECTION TO GOVERNMENT'S
RENEWED REQUEST FOR CUSTODIAL EVALUATION

Mr. Sierra has been evaluated twice now to determine whether he is competent to stand trial pursuant to 18 U.S.C. § 4241. Dr. John Parsons and Dr. Christopher Matkovic each found that Mr. Sierra is not competent to stand trial – "that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense" (18 U.S.C. § 4241(a)) - and each report has been provided to the Court. The Court should now schedule a hearing for evidence and argument, or make a finding based on the conclusions in the two reports. Based on the agreement of the doctors that Mr. Sierra is not competent, it follows directly that the Court should find the same. The Court must therefore grant Mr. Sierra's motion (ECF #30) and deny the government's request for an additional custodial evaluation.

A finding of incompetence under the statute directs the Court to order Mr. Sierra into government custody to determine if he can be returned to competence. 18 U.S.C. § 4241(d). That is the next step in this process.[1] There is no provision for additional evaluations.

---

[1] The Department of Justice Criminal Resource Manual is very instructive on the process of determining a defendant's competence and managing that circumstance in the process of the case. Sections CRM 1-63 through

1

Nevertheless, the government asks for a custodial evaluation to determine Mr. Sierra's competence (which has been denied previously). It reasons that Dr. Matkovic expressed reservations in his finding of incompetence, and that these reservations could be addressed by educating Mr. Sierra about the legal system and process. The government suggests that such an education could take place during a custodial evaluation. That is not, however, the purpose of a custodial evaluation done by the BOP under § 4241(a). The sole purpose of that evaluation is to determine competency, not to restore it. That type of "education" is part of the commitment directed by § 4241(d) after an initial finding of incompetence.

After an individual is found incompetent the Court orders the person into government custody "for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward". 18 U.S.C. § 4241(d)(1). Dr. Matkovic seemed to think it was possible for Mr. Sierra to be restored to competency. If the government doctors agree after the initial study, then the Court will order additional detention for that attempt. 18 U.S.C. § 4241(d)(2). During this subsequent period the government doctors will treat Mr. Sierra with medication or education, as needed, and he will either be restored to competency or not.

The Court must now find Mr. Sierra incompetent and follow the direction of 18 U.S.C. § 4241. All of the information provided thus far indicates he is not competent to stand trial at this time. While the government asks for another evaluation, it seems that Mr. Sierra's detention under 18 U.S.C. § 4241(d) will actually go further towards ultimately resolving the competency issue. For these reasons Mr. Sierra urges the Court

---

CRM 1-66 are in the attached addendum – copied from https://www.justice.gov/archives/jm/criminal-resource-manual (August 12, 2021).

to deny the government's renewed request, grant his motion (ECF #30), and proceed forward with the process under § 4241.

                                                              Respectfully submitted
                                                              Luis Joel Sierra
                                                              By his attorney,

                                                              /s/ Kevin J. Fitzgerald, 5775
                                                              Assistant Federal Defender
                                                              10 Weybosset St., Ste. 300
                                                              Providence, RI 02903
                                                              (401) 528-4281
                                                              FAX 528-4285
                                                              kevin_fitzgerald@fd.org

## CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Paul Daly and William Ferland, Assistant United States Attorneys, on August 12, 2021.

                                                              /s/ Kevin J. Fitzgerald

## ADDENDUM

## CRM 1-63. STANDARDS FOR DETERMINING COMPETENCY AND FOR CONDUCTING A HEARING

The conviction of a defendant while mentally incompetent violates due process. *See Pate v. Robinson*, 383 U.S. 375, 378 (1966). Under 18 U.S.C. § 4241(a), the court must order a competency hearing

...if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.
18 U.S.C. § 4241(a). A hearing may be ordered on motion by the defendant or the attorney for the Government, or by the court sua sponte. *Id.*

Prior to the date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court pursuant to the provisions of Section 4247. The hearing itself is conducted according to the procedures set forth at Section 4247(d). These provide that the defendant shall be represented by counsel, and shall have the opportunity to testify, to present evidence, to subpoena witnesses on his or her behalf, and to confront and cross-examine witnesses who appear at the hearing. In determining whether the defendant is competent to stand trial, the court must determine "whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding -- and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402 (1960).

## CRM 1-64. PROCEDURES FOR EXAMINATION

The initial competency examination of defendants free on bail should normally be made locally by private psychiatrists or on an outpatient basis at a hospital or clinic. The use of local examiners whenever possible is important to obviate extensive travel by Bureau of Prison psychiatrists and to avoid due process issues arising from unnecessary infringements of a defendant's liberty interests. *See Marcey v. Harris*, 400 F.2d 772 (D.C. Cir. 1972). *Compare In re Newchurch*, 807 F.2d 404 (5th Cir. 1986). It is the responsibility of the United States Attorney to determine the availability of board-certified psychiatrists and licensed clinical psychologists, and to maintain a panel from which selections may be made.

The court also has discretion to order the accused committed to the custody of the Attorney General for purposes of an examination under Section 4241. *See* 18 U.S.C. § 4247(b); *United States v. Weissberger*, 951 F.2d 392, 399 (D.C. Cir. 1991); *Featherston v. Mitchell*, 418 F.2d 582, 585 (5th Cir. 1969), *cert. denied*, 397 U.S. 937 (1970); *United States v. Hartz*, 852 F. Supp. 511, 514 (S.D. W.Va.), *aff'd*, 27 F.3d 564 (4th Cir. 1994). Such a commitment may be for a reasonable period, not to exceed thirty days, subject to extension for an additional fifteen days on application of the director of the facility making the examination. *See* 18 U.S.C. § 4247(b). After the court makes a determination that commitment for examination is necessary, it is the responsibility of the Attorney General, through the Bureau of Prisons, to select the specific facility at which the examination will be conducted. *See* 18 U.S.C. § 4247(b).

Whenever the accused is referred for examination, the Assistant United States Attorney should forward to the examining doctor a letter setting forth a full exposition concerning the alleged crime together with all background information on the accused, including any history of criminal convictions and any prior history of mental illness.

CRM 1-65. TEMPORARY COMMITMENT OF INCOMPETENT DEFENDANT FOR TREATMENT TO REGAIN COMPETENCY

If, after the competency hearing, the court finds by a preponderance of the evidence that the defendant is presently incompetent to stand trial, the court must commit the defendant to the custody of the Attorney General. The Attorney General must then place the defendant in a suitable facility for treatment for a reasonable period of time, not to exceed four months, to determine whether there is a substantial probability that in the foreseeable future, the defendant will attain the capacity to permit the trial to proceed. *See* 18 U.S.C. § 4241(d). This commitment to the custody of the Attorney General for treatment is mandatory. *United States v. Shaway*, 865 F.2d 856 (7th Cir. 1989); *United States v. Donofrio*, 896 F.2d 1301 (11th Cir.), *cert. denied*, 497 U.S. 1005 (1990).

If, after the initial period of the treatment, the court finds that there is a substantial probability that the defendant will attain the capacity to permit the trial to proceed within an additional reasonable period of time, the Attorney General shall continue to hospitalize the defendant for treatment for an additional reasonable period of time until the defendant regains competence or the pending charges are disposed of according to law. 18 U.S.C. § 4241(d)(2).

When the director of the facility in which the defendant is hospitalized determines that the defendant has recovered his or her competency to stand trial, the director must file a certificate to that effect with the clerk of the court that ordered the commitment. The court then will hold another competency hearing. If the court finds by a preponderance

5

of the evidence that the defendant has recovered to the extent that he/she is able to understand the nature and consequences of the proceedings against him/her and to assist properly in his/her defense, the court shall order the defendant's immediate discharge from the facility in which the defendant is hospitalized and set a date for trial. The defendant is then subject to the normal release and detention provisions of 18 U.S.C. §§ 3141 et seq., which apply to all criminal defendants. 18 U.S.C. § 4241(e).

## CRM 1-66. INDEFINITE COMMITMENT OF INCOMPETENT DEFENDANTS WHO ARE DANGEROUS

If the defendant's condition does not improve in the prescribed time, his/her continued commitment must be based either on State civil commitment procedures or on the commitment provision for dangerous persons under 18 U.S.C. § 4246. The Federal procedures comport with the Supreme Court's views on incompetency expressed in *Jackson v. Indiana*, 406 U.S. 715 (1972), and have been upheld against a variety of constitutional challenges. *See, e.g., United States v. Sahhar*, 917 F.2d 1197 (9th Cir. 1990).

Upon appropriate certification from the director of the facility in which the defendant is hospitalized, a commitment hearing under Section 4246 will be held. This hearing is ordinarily held in the district in which the defendant is confined, rather than in the district of the trial court which originally ordered the evaluation. *See* 18 U.S.C. § 4246(a). *But see United States v. Wheeler*, 744 F. Supp. 633 (E.D. Pa. 1990), for a discussion of the trial court's authority to conduct such a hearing, where the director's certification was never made.