UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| UNITED STATES of AMERICA, ) | |
| ) | |
| v. ) | 21-cr-12-JJM-LDA |
| ) | |
| LUIS JOEL SIERRA, ) | |
| Defendant. ) | |

ORDER

Before the Court is the Government's motion to commit Louis Joel Sierra under 18 U.S.C. § 4241(d)(2) to decide whether he will reach competency to go to trial on criminal charges.[1] ECF No. 79. Mr. Sierra objects. ECF No. 80.

A grand jury indicted Mr. Sierra on one count of damaging or destroying a vehicle, by fire or an explosive, that directly or proximately caused personal injury. *See* 18 U.S.C. § 844(f)(2). ECF No. 32. A first psychological evaluation of Mr. Sierra found that, "[t]o a reasonable degree of psychological certainty," there existed "substantial impairment in [Mr. Sierra's] ability to provide meaningful participation and cooperation in the legal proceedings against him." ECF No. 35-1 at 11. A second doctor also concluded, "to a reasonable degree of medical certainty, that [Mr. Sierra] is incompetent to stand trial." *Id.* at 15.

---

[1] "It is well settled that the conviction of a person who is legally incompetent to stand trial violates due process." *United States v. Velázquez-Aponte*, 940 F.3d 785, 794 (2019) (citations omitted); *see also* 18 U.S.C. § 4241(a) (codifying this standard). "The test for competence to stand trial . . . is whether the defendant has the present ability to understand the charges against him and communicate effectively with defense counsel." *Cooper v. Oklahoma*, 517 U.S. 348, 368 (1996) (citing *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam)).

Magistrate Judge Lincoln D. Almond then recommended that the Court deny the Government's renewed request for an additional custodial evaluation and found that, by a preponderance of the evidence, Mr. Sierra was not competent to stand trial. Text Order 04/26/2021; ECF No. 48 at 5. The Court adopted Magistrate Judge Almond's Report and Recommendation and ordered him committed for treatment per 18 U.S.C. § 4241(d). ECF Nos. 49, 51.

The Government transported Mr. Sierra to FMC Butner in North Carolina for four months to undergo a program that would try to help him better understand legal proceedings such that the Court could find him competent to stand trial. *See* ECF No. 51 (ordering this statutory procedure). After four months at FMC Butner, the medical staff there opined that, "although Mr. Sierra is currently suffering from a mental disease or defect, namely specific learning disorder and borderline intellectual function, the deficits are not of sufficient severity to render him not competent to stand trial." ECF No. 54 at 24. This Court then held a competency hearing. *See* ECF No. 59 (transcript of the hearing).

After the evidentiary hearing, the Court concluded that the evidence demonstrated that Mr. Sierra did not have a rational reality-based understanding of the legal proceedings against him and that Mr. Sierra was not able to adequately consult with his lawyer and that he was not able to rationally communicate, let alone seek meaningful legal advice. ECF No. 64.

The Court found that "Mr. Sierra still demonstrates material deficits in retaining key information, which translate to poor understanding of critical terms.

He appears able to better discuss legal proceedings after consultation with his lawyer. But this appearance quickly vanishes when he is pressed on these topics." *Id.* at 6 (citations and parentheticals omitted).

The Government asked the Court to reconsider its order (ECF No. 66), the Court held another evidentiary hearing (*see* Minute Entry 01/30/2024), and the Court denied that request. Text Order 09/24/2024. About five months after that Order, the Government again asks this Court to commit Mr. Sierra for treatment for a second time to decide whether he will obtain competency to proceed.

The Court fulfilled its statutory obligation under 18 U.S.C. § 4241(d)(2) and had Mr. Sierra detained to see if his competency could be restored. Mr. Sierra's severe deficits are cognitive, and the Court was skeptical that it would happen, but under the statute detained Mr. Sierra. After four months of intense work, the Court held two evidentiary hearings and both times found that Mr. Sierra could not adequately assist his counsel at trial or understand the legal proceedings. Now, several months after that finding, without any evidence that the situation has changed, the Government asserts that the statute requires the Court to again detain Mr. Sierra for four more months. The Court declines the invitation.

The statute—18 U.S.C. § 4241(d)(2)—does not speak of multiple detentions for treatment. The statute cannot be interpreted to require a revolving door allowing the Government to demand that he again spend four months in an out-of-state prison facility trying to be "cured" of his cognitive deficits, only to be found again that he is

3

not competent. But even if the statute did allow for multiple committals for treatment, there is no evidence before the Court to support such a request.

The Court followed its obligation under 18 U.S.C. § 4241(d)(2), and absent a demonstrable change in circumstances, no longer has a statutory responsible to further incarcerate Mr. Sierra at this time. The Government's Motion to Commit Mr. Sierra again is DENIED. ECF No. 79.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief United States District Judge

February 24, 2025